IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT CHARLES CASEY,         ) | |
|         Petitioner,         ) | |
|         ) | |
| vs.         ) | No. 3:22-CV-1396-C-BH |
|         ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division,     ) | |
|         Respondent.         ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on June 28, 2022 (doc. 3), should be **DISMISSED**.

**I.    BACKGROUND**

Robert Charles Casey (Petitioner), an individual who was formerly committed to a state hospital, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 that appears to challenge a December 2004 two-week sentence of commitment.[2] (*See* doc. 3 at 1.) He does not identify a respondent.[3] (*See id.*)

The § 2254 petition asserts the following grounds:

(1) Coercion, Persuasion;

(2) Small and weak American in physically demanding Labor. Bullying;

(3) Demands of military Sergents [sic] were psychotic and aggressive; and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] By *Notice of Deficiency and Order* entered June 30, 2022, Petitioner was advised that he did not identify a specific conviction or sentence that sought to challenge, and he did not appear to be in custody. (*See* doc. 4.) He was ordered to identify a specific conviction or sentence that he sought to challenge by completed and returning an amended § 2254 petition on the appropriate form within thirty (30) days. (*See id.*) Petitioner did not file an amended § 2254 petition as directed.

[3] Because, as discussed below, it appears that jurisdiction over this § 2254 petition is lacking, the appropriate respondent need not be identified, substituted, and/or ordered to answer.

> (4) In civilian life the Demands of employers were so strenuous I had no way to meet the demands.

(*Id.* at 5-10.) Petitioner seeks "[r]elief from the state law of steroid use in Texas [ ] & my privileges of operating a motor vehicle & employment be reinstated." (*Id.* at 15.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral

consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Here, the § 2254 petition indicates that, at the time he filed the § 2254 petition, Petitioner was not in custody on the challenged two-week commitment from December 2004. (*See* doc. 3 at 1, 26, 28.) Nor does he appear to be currently in custody on the December 2004 sentence, or any other conviction or sentence. (*See id.*) Because he is not in custody for purposes of § 2254, the petition should be dismissed for lack of jurisdiction.

### III. CIVIL CLAIMS

As discussed, Petitioner's request for relief includes that his "privileges of operating a motor vehicle & employment be reinstated." (doc. 3 at 15.) He also appears to assert allegations relating to his military sergeants and civilian employers. (*See id.* at 8-10.) These allegations and requests for relief do not specifically challenge his custody.

To the extent Petitioner seeks to assert separate claims against individuals or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees.[4] Because of the filing fee, Petitioner's filing is not liberally construed as seeking to open a new case at this time.

## IV.     RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on June 28, 2022 (doc. 3), should be **DISMISSED** for lack of jurisdiction. Any civil claims should be **DISMISSED** without prejudice to seeking relief in a separate civil action.

**SIGNED this 29th day of August, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.